**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
CAUSE OF ACTION INSTITUTE              )
1919 Pennsylvania Avenue, NW, Suite 650 )
Washington, DC 20006,                  )
                                       )
       Plaintiff,                      )
                                       )
       v.                              )
                                       )
EXPORT-IMPORT BANK OF THE              )
UNITED STATES                          )
811 Vermont Avenue, NW                 )
Washington, DC 20571,                  )
                                       )
       and                             )
                                       )
NATIONAL ARCHIVES AND RECORDS          )
ADMINISTRATION                         )
8601 Adelphi Road                      )
College Park, MD 20740,                )
                                       )
       Defendants.                     )
_____)
```

**COMPLAINT**

This is an action seeking a judicial declaration that the Export-Import Bank of the United States ("Ex-Im Bank") engaged in the unlawful destruction of federal records based on Ex-Im Bank notifying plaintiff Cause of Action Institute ("Cause of Action"), more than four months after the destruction took place, that its Senior Vice President and Chief of Staff deleted text messages properly requested by Cause of Action.  In addition, Cause of Action seeks a judicial order forcing Ex-Im Bank and the National Archives and Records Administration ("NARA"; collectively, with Ex-Im Bank, "Defendants") to comply with federal law (the Federal Records Act, 44 U.S.C. §§ 2101, *et seq.*, 2901, *et seq.*, 3101, *et seq.*, 3301, *et seq.* (the "FRA")), by

providing notice to the Attorney General and/or Congress for the initiation of action to recover the deleted records.

## NATURE OF ACTION

1. The FRA prohibits the unauthorized destruction of federal records.

2. Emails and text messages of government employees are federal records subject to the FRA and, therefore, must be properly preserved.

3. Given the rampant use of electronic communications by government employees (*e.g.*, emails and text messages), it is no surprise that Congress has expressed concern with the destruction of any such records:

> Transparency and accountability are critical to a functioning democracy.  We have worked together for years to improve the Freedom of Information Act (FOIA) with the goal of making our government more open and transparent. . . . ***In an era when critically important government activities and decisions are conducted via email, a plan to delete the majority of emails at any agency should raise great concern.***

*See* Letter from Patrick Leahy, U.S. Senator, and John Cornyn, U.S. Senator, to David Ferriero, Archivist of the United States (Dec. 1, 2014) (emphasis added), *available at* http://www.leahy.senate.gov/press/leahy-and-cornyn-press-for-cia-to-retain-email-records.

4. In part due to this concern, Cause of Action has been conducting an investigation into whether federal agencies comply with their obligation to preserve text messages for a period of time.  As a part of this investigation, Cause of Action lawfully requested that Ex-Im Bank produce the text message records of five high-ranking agency officials for a one week period in which text messaging likely would have been used to conduct agency business (November 2-8, 2014, or election week).

5. Six weeks after receiving Cause of Action's request for these records, Scott P. Schloegel, Senior Vice President and Chief of Staff of Ex-Im Bank, *deleted* his text messages. Ex-Im Bank waited another four and one-half months to notify Cause of Action about this deletion.

6. To date, however, no action has been taken to attempt to recover the records, or otherwise cause the Attorney General or Congress to investigate this matter, despite Defendants' obligations to do so.

7. An order directing Defendants to notify the Attorney General and/or Congress for the initiation of action to recover the deleted federal records should issue.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 701, *et seq.*

9. The Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

11. Cause of Action has standing because it has been injured by the deletion of the records sought. Due to Ex-Im Bank's deletion of the aforementioned records and Defendants' failure to comply with the FRA's non-discretionary enforcement scheme, Cause of Action cannot obtain access to records it is entitled to have under the law. Also, an order from this Court likely will redress Cause of Action's injury. Finally, Cause of Action falls within the FRA's zone of interests because it engages in research and makes extensive use of government records.

## PARTIES

12.     Cause of Action is a non-profit government accountability organization committed to ensuring that the regulatory process is transparent, fair, and accountable.  In furtherance of its mission, Cause of Action regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its research, findings, analysis, and commentary to the general public.

13.     Ex-Im Bank is a federal agency within the meaning of 5 U.S.C. § 551(1).

14.     NARA is a federal agency within the meaning of 5 U.S.C. § 551(1).  Headed by the Archivist of the United States, NARA generally is responsible for enforcing the FRA and issues government-wide guidance and directives.  44 U.S.C. §§ 2904(a), 3105, 3106.

## FACTS

**A.     Cause of Action's FOIA Request to Ex-Im Bank.**

15.     On November 14, 2014, Cause of Action submitted a FOIA request to Ex-Im Bank, seeking access to all "text messages, Blackberry messenger chat, and SMS messages" sent or received by the following five agency officials and/or the person currently holding that position from November 2, 2014 through November 8, 2014:

- Fred P. Hochberg, Chairman and President;
- Scott P. Schloegel, Senior Vice President and Chief of Staff;
- Bradley Carroll, Senior Vice President, Communications;
- Erin Gulick, Senior Vice President, Congressional Affairs; and
- Gaurab Bansal, Deputy Chief of Staff.

*See* Exhibit 1 (the "FOIA Request").

16.     By letter dated November 21, 2014, Ex-Im Bank acknowledged that it received the FOIA Request via U.S. Certified Mail on November 20, 2014.  *See* Exhibit 2.

17. Approximately six months later, on May 12, 2015, Ex-Im Bank responded to the FOIA Request. *See* Exhibit 3 ("Ex-Im Bank's FOIA Response"), with Declaration of Scott Schloegel (the "Schloegel Declaration") and 3-page production of documents (converted from Excel files to .pdf).

18. On June 11, 2015, Cause of Action filed a timely appeal of Ex-Im Bank's FOIA Response, challenging the adequacy of the agency's search. That appeal is pending.

B.   **The Unlawful Destruction of Federal Records at Ex-Im Bank.**

19. In relevant part, Ex-IM Bank's FOIA Response states that "the messages for Scott P. Schloegel were accidentally deleted on approximately January 1, 2015." *See* Ex. 3 at 1.

20. To this end, attached to Ex-Im Bank's FOIA Response is an executed Declaration from Mr. Schloegel dated March 27, 2015. *See id.*, Schloegel Decl.

21. Mr. Schloegel (Senior Vice President and Chief of Staff of Ex-Im Bank) admits that on or about January 1, 2015, six weeks after Ex-Im Bank received the FOIA Request, he deleted the messages on his agency-issued mobile telephone for *at least* the requested time period. *See id.*

22. Ex-Im Bank's FOIA Response includes text message records for two of the requested individuals, including Fred. P. Hochberg (Chairman and President). *See id.*, charts produced by Ex-Im Bank. The first entry in the charts reflects a text message from Mr. Schloegel to Mr. Hochberg on November 4, 2014 at 8:06 a.m., thus confirming that Mr. Schloegel did in fact send/receive text messages, which, according to Ex-Im Bank, since have been disposed. *See id.*

## COUNT I
## (Ex-Im Bank)

**<u>Declaratory Relief:  Ex-Im Bank Engaged in the Unlawful Destruction of Federal Records</u>**

23. Cause of Action hereby incorporates by reference paragraphs 1 through 22, as if set forth fully herein.

24. Ex-Im Bank received the FOIA Request on November 20, 2014.

25. Accordingly, Ex-Im Bank was under a duty to preserve responsive records, including Mr. Schloegel's text messages.  5 U.S.C. § 552; *c.f. Ashland Oil v. Fed. Trade Comm'n*, 548 F.2d 977, 980-81 (D.C. Cir. 1976).

26. Records produced by Ex-Im Bank indicate that Mr. Schloegel did in fact send/receive text messages responsive to the FOIA Request.

27. Ex-Im Bank admits that its Senior Vice President and Chief of Staff deleted these responsive records (and potentially others) on or about January 1, 2015, approximately six weeks *after* receipt of the FOIA Request.

28. Accordingly, Ex-Im Bank wrongly engaged in the unlawful destruction of federal records.  *See* 36 C.F.R. § 1230.3(b) (defining "[u]nlawful or accidental destruction (also called unauthorized destruction)" of a record as "disposal of a record subject to a FOIA request, litigation hold, or any other hold requirement to retain the records").

## COUNT II
## (Ex-Im Bank and NARA)

**<u>APA:  Failure to Comply with FRA's Non-Discretionary Enforcement Scheme</u>**

29. Cause of Action hereby incorporates by reference paragraphs 1 through 28, as if set forth fully herein.

30. The FRA, in relevant part, provides:

> **(a) Federal agency notification.**--The head of each Federal agency shall notify the Archivist of any actual, impending, or threatened unlawful removal, defacing, alteration, corruption, deletion, erasure, or other destruction of records in the custody of the agency, and with the assistance of the Archivist shall initiate action through the Attorney General for the recovery of records the head of the Federal agency knows or has reason to believe have been unlawfully removed from that agency, or from another Federal agency whose records have been transferred to the legal custody of that Federal agency.
>
> **(b) Archivist notification.**--In any case in which the head of a Federal agency does not initiate an action for such recovery or other redress within a reasonable period of time after being notified of any such unlawful action described in subsection (a), or is participating in, or believed to be participating in any such unlawful action, the Archivist shall request the Attorney General to initiate such an action, and shall notify the Congress when such a request has been made.

44 U.S.C. § 3106.

31. Records produced by Ex-Im Bank indicate that Mr. Schloegel did in fact send/receive text messages responsive to the FOIA Request.

32. Ex-Im Bank and Mr. Schloegel admit that these and other text messages have been deleted.

33. Upon information and belief, to date (nearly six months after the unlawful destruction of federal records) no action has been initiated by the Attorney General at the behest of Ex-Im Bank and/or NARA for the recovery of these records.

34. Upon information and belief, to date (nearly six months after the unlawful destruction of federal records) the Attorney General has not been requested to initiate any action for the recovery of these records, nor has Congress been notified of any such request.

35. Thus, Defendants have failed to comply with their non-discretionary obligations under the FRA.

36. Under the Administrative Procedure Act, 5 U.S.C. § 706 (the "APA"), then, Defendants should be ordered to immediately notify and initiate action through the Attorney General and Congress for the recovery of such records.

**RELIEF REQUESTED**

WHEREFORE, Cause of Action respectfully requests that this Court:

a. Declare that Ex-Im Bank engaged in the unlawful destruction of federal records;

b. Order Defendants to notify and initiate action through the Attorney General and Congress for the recovery of records;

c. Award Cause of Action its costs and reasonable attorney fees incurred in this action; and,

d. Grant such other relief as the Court may deem just and proper.

Dated:  June 24, 2015

Respectfully submitted,

/s/ *Daniel Z. Epstein*
Daniel Z. Epstein
D.C. Bar No. 1009132
daniel.epstein@causeofaction.org

/s/ *Prashant K. Khetan*
Prashant K. Khetan
D.C. Bar No. 477636
prashant.khetan@causeofaction.org

/s/ *Aram A. Gavoor*
Aram A. Gavoor
D.C. Bar No. 1023440
aram.gavoor@causeofaction.org

CAUSE OF ACTION INSTITUTE
1919 Pennsylvania Ave., NW, Suite 650
Washington, DC 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842
*Counsel for Plaintiff*